**NEWS REALTY, Inc. v. STRIPLING.**
No. 63-6139.
Civil Court of Record, Dade County.
March 24, 1965.

Gene Essner, Miami, for plaintiff.

J. T. Blackard, Miami, for defendant.

JOHN R. BLANTON, Judge.

*Summary final judgment:* This cause came on regularly before me for pretrial conference upon the order of this court and the parties having been represented by counsel and the court having considered the pleadings, depositions, affidavits and exhibits filed herein together with the admissions of counsel for the parties and the court having determined therefrom that there is no genuine dispute as to the following essential facts —

This is a suit for a real estate commission by the real estate broker, News Realty, against the property owner, Mecie Stripling, wherein the broker is relying upon the agreement which is a part of the deposit receipt wherein the property owner agrees to pay the broker a commission for finding the purchaser executing the deposit receipt, to wit — "I agree to pay to the above signed broker, as commission for finding the above signed purchaser(s) for the above described property, the sum of $585, or one half of all amounts paid under said contract if the said amounts are retained pursuant to the terms thereof, whichever is the lesser sum. In the event it is necessary to resort to collection of commission and/or damages by an attorney, the undersigned agrees to pay reasonable attorneys fees and all other costs for making the said collection."

That the court has jurisdiction of the parties and the subject matter hereof.

That at all times material to this cause the defendant was sui juris and the owner of the premises described in the complaint filed herein.

That at all times material to this cause the plaintiff was sui juris and a duly licensed and registered real estate broker.

That through the efforts of the broker the property owner entered into a written contract, designated deposit receipt, to sell certain real property to Jimmie Arline and Lula Mae Arline, his wife, which contract provided among other things that the buyers were "to apply, qualify and obtain FHA mortgage" in a certain amount, and that "in the event the purchasers fail to qualify and obtain FHA mortgage, then all monies now on deposit shall be refunded to the purchasers, and both parties shall be relieved of all liability under this contract".

That both the seller and the buyers did everything required by the sales contract to the mutual satisfaction of the seller and the buyers until the time the Heritage Corporation, the proposed mortgage company applied to by the buyers to provide the FHA mortgage, advised the seller that it refused to pay to the seller the required purchase price in exchange for the seller's deed except upon the condition that the seller deliver her deed to the mortgage company for recording with the clerk of the circuit court and upon further continuation of the abstract (approximately five days thereafter), and it having been determined that good title to the property was vested in the purchasers and good title to the mortgage was vested in the mortgage lender, then and only then were the proceeds of the sale to be paid to the seller.

That the seller refused to deliver her deed for recording as required by the mortgage company and advised the mortgage company, the buyers and the broker, that she would deliver her deed only if she were simultaneously paid the proceeds of the mortgage and all other sums due her.

That the purchasers were unable to obtain sufficient funds from any other source with which to consummate the purchase of said property.

That thereafter the purchasers demanded the return of their deposit of $100, which was returned to them by the broker with the consent of the property owner.

The court finds as a matter of law that the purchasers obtained by the plaintiff were not ready, willing and able purchasers because of their inability to pay the purchase price for the property simultaneously with the delivery of the deed thereto.

It is the opinion of the court that where a broker obtains a properly executed agreement to purchase which is accepted and executed by the seller, but which is conditioned upon the purchasers obtaining adequate financing, the broker is not entitled to a commission from the seller if the purchase is not consummated because of the inadequacy of the financing to meet the requirements of the sales agreement.

The most the broker could expect from the seller under the terms of the deposit receipt executed herein would be one-half of the deposit of $100 held in escrow by the broker, if the purchasers were at fault in not obtaining proper financing. The broker, however, having returned the deposit to the purchasers without asserting any claim thereto makes no contention that the seller is obligated to it for one-half thereof.

The court therefore finds that there is no genuine issue to any material fact and that the defendant is entitled to judgment as a matter of law.

It is therefore ordered and adjudged that the plaintiff take nothing by its complaint, and that the same is dismissed, with prejudice.